UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UI SOOK HWANG,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC,<br>AND DOES 1 THROUGH 25,<br>INCLUSIVE,<br><br>　　　　　　Defendants. | Case No.: 5:19-cv-01809-MWF-SP<br>*(San Bernardino Superior Court Case<br>No. CIVDS1923822)*<br><br>**PROTECTIVE ORDER** |

Counsel for Plaintiff UI SOOK HWANG ("Plaintiff) and Defendant LOWE'S

HOME CENTERS, LLC ("Defendant") jointly submit this Proposed Protective

Order:

1.　　A. <u>PURPOSES AND LIMITATIONS</u>

As the parties have represented that discovery in this action is likely to

involve production of confidential, proprietary, or private information for which

special protection from public disclosure and from use for any purpose other than

prosecuting this litigation may be warranted, this Court enters the following

Protective Order. This Order does not confer blanket protections on all disclosures

or responses to discovery. The protection it affords from public disclosure and use

extends only to the limited information or items that are entitled to confidential

treatment under the applicable legal principles. Further, as set forth in Section 12.3,

PROTECTIVE ORDER

1  below, this Protective Order does not entitle the parties to file confidential

2  information under seal.  Rather, when the parties seek permission from the court to

3  file material under seal, the parties must comply with Civil Local Rule 79-5 and

4  with any pertinent orders of the assigned District Judge and Magistrate Judge.

5        B. GOOD CAUSE STATEMENT

6        Federal Rules of Civil Procedure, Rule 26(c)(1) states in pertinent part, that the

7  Court, upon a showing of good cause may "issue an order to protect a party from

8  annoyance, embarrassment, oppression, or undue burden or expense."  Fed.R.Civ.P.

9  26(c)(1).  In the instant matter, Defendant Lowe's Home Centers, LLC's Confidential

10 Documents contain proprietary and confidential trade secret information relating to

11 Defendant Lowe's Home Centers, LLC's business practices and its safety protocol.

12 Defendant Lowe's Home Centers, LLC. ("Defendant" or "Lowe's") derives

13 independent economic value from maintaining the confidentiality of the policies and

14 procedures set forth in these Confidential Documents.

15       Defendant is a retailer in the home improvement industry and has conducted

16 business in California since 1998.   The home improvement retail industry is very

17 competitive.  As a result of years of investing time and money in research and

18 investigation, Defendant developed the policies contained in the Confidential

19 Documents for the purposes of maintaining the security and accessibility of its

20 merchandise, providing quality customer service, and ensuring the safety of its

21 employees and customers.  These policies and procedures, as memorialized in the

22 Confidential Documents, were created and generated by Lowe's for Lowe's, and are

23 used for the purposes of maintaining safety at its stores and creating efficient and

24 organized work environments for its employees.  As a result, Defendant is able to

25 minimize the waste of any resources, which is a key factor in generating profitability

26 for its business.

27       Defendant derives economic value from maintaining the secrecy of its

28 Confidential Documents.  If disclosed to the public, the trade secret information

PROTECTIVE ORDER

contained in Defendant's Confidential Documents would reveal Defendant's internal operations and could potentially be used by competitors as a means to compete for its customers, interfere with its business plans and thereby gain unfair business advantages. If Defendant's safety protocol were revealed to the general public, it would hinder Defendant's ability to effectively resolve and minimize liability claims, and its goal of protecting its customers and employees from theft and other crimes. Unrestricted or unprotected disclosure of such information would result in prejudice or harm to Defendant by revealing Lowe's competitive confidential information, which has been developed at the expense of Lowe's and which represents valuable tangible and intangible assets. Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

2.    DEFINITIONS

2.1    Action:  The instant action:  Ui Sook Hwang v. Lowe's Home Centers, LLC., Case No: 5:19-cv-01809-MWF-SP.

2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or

PROTECTIVE ORDER

generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:   any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as

defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge. This Order does not govern the use of Protected Material during a court hearing or at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper

1 purpose (e.g., to unnecessarily encumber the case development process or to impose

2 unnecessary expenses and burdens on other parties) may expose the Designating Party

3 to sanctions.

4 If it comes to a Designating Party's attention that information or items that it

5 designated for protection do not qualify for protection, that Designating Party must

6 promptly notify all other Parties that it is withdrawing the inapplicable designation.

7 5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in

8 this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise

9 stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

10 under this Order must be clearly so designated before the material is disclosed or

11 produced.

12 Designation in conformity with this Order requires:

13 (a) for information in documentary form (e.g., paper or electronic

14 documents, but excluding transcripts of depositions), that the Producing Party affix at

15 a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL

16 legend"), to each page that contains protected material. If only a portion or portions

17 of the material on a page qualifies for protection, the Producing Party also must clearly

18 identify the protected portion(s) (e.g., by making appropriate markings in the

19 margins).

20 A Party or Non-Party that makes original documents available for inspection

21 need not designate them for protection until after the inspecting Party has indicated

22 which documents it would like copied and produced. During the inspection and before

23 the designation, all of the material made available for inspection shall be deemed

24 "CONFIDENTIAL." After the inspecting Party has identified the documents it wants

25 copied and produced, the Producing Party must determine which documents, or

26 portions thereof, qualify for protection under this Order. Then, before producing the

27 specified documents, the Producing Party must affix the "CONFIDENTIAL legend"

28 to each page that contains Protected Material. If only a portion or portions of the

material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies on the record, before the close of the deposition as protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.    If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.    Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer.    The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the

material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff;

(f)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have

signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)   during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(i)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

PROTECTIVE ORDER

1    If the Designating Party timely seeks a protective order, the Party served with

2    the subpoena or court order shall not produce any information designated in this action

3    as "CONFIDENTIAL" before a determination by the court from which the subpoena

4    or order issued, unless the Party has obtained the Designating Party's permission, or

5    unless otherwise required by the law or court order.  The Designating Party shall bear

6    the burden and expense of seeking protection in that court of its confidential material

7    and nothing in these provisions should be construed as authorizing or encouraging a

8    Receiving Party in this Action to disobey a lawful directive from another court.

9    9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

10           PRODUCED IN THIS LITIGATION

11           (a)  The terms of this Order are applicable to information produced by a

12   Non-Party in this Action and designated as "CONFIDENTIAL."  Such information

13   produced by Non-Parties in connection with this litigation is protected by the

14   remedies and relief provided by this Order.  Nothing in these provisions should be

15   construed as prohibiting a Non-Party from seeking additional protections.

16           (b)  In the event that a Party is required, by a valid discovery request, to

17   produce a Non-Party's confidential information in its possession, and the Party is

18   subject to an agreement with the Non-Party not to produce the Non-Party's

19   confidential information, then the Party shall:

20           (1)  promptly notify in writing the Requesting Party and the Non-Party

21   that some or all of the information requested is subject to a confidentiality agreement

22   with a Non-Party;

23           (2)  promptly provide the Non-Party with a copy of the Protective Order

24   in this Action, the relevant discovery request(s), and a reasonably specific description

25   of the information requested; and

26           (3)  make the information requested available for inspection by the Non-

27   Party, if requested.

28           (c)  If a Non-Party represented by counsel fails to commence the process

PROTECTIVE ORDER

called for by Local Rules 45-1 and 37-1, et seq. within 14 days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If an unrepresented Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior

PROTECTIVE ORDER

1  privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

2  parties reach an agreement on the effect of disclosure of a communication or

3  information covered by the attorney-client privilege or work product protection, the

4  parties may incorporate their agreement into this Protective Order.

5  12.   MISCELLANEOUS

6      12.1   Right to Further Relief. Nothing in this Order abridges the right of any

7  person to seek its modification by the Court in the future.

8      12.2   Right to Assert Other Objections. No Party waives any right it otherwise

9  would have to object to disclosing or producing any information or item on any

10  ground not addressed in this Protective Order.  Similarly, no Party waives any right

11  to object on any ground to use in evidence of any of the material covered by this

12  Protective Order.

13      12.3   Filing Protected Material. A Party that seeks to file under seal any

14  Protected Material must comply with Civil Local Rule 79-5 and with any pertinent

15  orders of the assigned District Judge and Magistrate Judge.  If a Party's request to file

16  Protected Material under seal is denied by the court, then the Receiving Party may

17  file the information in the public record unless otherwise instructed by the court.

18  13.   FINAL DISPOSITION

19      After the final disposition of this Action, as defined in Section 4, within 60 days

20  of a written request by the Designating Party, each Receiving Party must return all

21  Protected Material to the Producing Party or destroy such material. As used in this

22  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

23  summaries, and any other format reproducing or capturing any of the Protected

24  Material. Whether the Protected Material is returned or destroyed, the Receiving Party

25  must submit a written certification to the Producing Party (and, if not the same person

26  or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by

27  category, where appropriate) all the Protected Material that was returned or destroyed

28  and (2) affirms that the Receiving Party has not retained any copies, abstracts,

PROTECTIVE ORDER

compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

PROTECTIVE ORDER

14.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

LAW OFFICES OF BRIAN W. TOPPILA

Dated: March 30, 2020                    By:     */s/ Jason Park*
                                                  JASON PARK
                                                  Attorneys for Plaintiff,
                                                  UI SOOK HWANG


THARPE & HOWELL, LLP

Dated: March 30, 2020                    By:     */s/ Stephanie Forman*
                                                  STEPHANIE FORMAN
                                                  ANDREA BREUER
                                                  Attorneys for Defendant,
                                                  LOWE'S HOME CENTERS, LLC

*Stephanie Forman, the filer of this document, attests that all other signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing, pursuant to L.R. 5-4.3.4(a)(2)(i).*

IT IS SO ORDERED.

DATED:  April 3, 2020            _____
                                 Honorable Sheri Pym
                                 United States Magistrate Judge

PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type

full address], declare under penalty of perjury that I have read in its entirety and

understand the Protective Order that was issued by the United States District Court

for the Central District of California on _____ in the case of

Ui Sook Hwang vs. Lowe's Home Centers, LLC, Case No: 5:19-cv-01809-MWF-SP.

I agree to comply with and to be bound by all the terms of this Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Protective Order, even if such enforcement proceedings occur after termination of this

action.  I hereby appoint _____ [print or type full name] of

_____ [print or type full address

and telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

- 15 -

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

## [PROPOSED] PROTECTIVE ORDER

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| **E-SERVE ONLY**<br>Jeanette J. Hahn<br>Law Offices of Brian W. Toppila<br>3600 Wilshire Blvd., Suite 1108<br>Los Angeles, CA 90010<br>Tel: 213-383-9888<br>Fax: 213-383-4216<br>han@toppilaw.com<br>Michelle Choe - michelle@toppilaw.com | Attorney for Plaintiff, UI SOOK HWANG |

5. a. **X** **ONLY BY ELECTRONIC TRANSMISSION.** Only by e-mailing the document(s) to the persons at the e-mail address(es) listed based on notice provided on March 19, 2020 that, during the Coronavirus (Covid-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mails. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): see below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 3/31/2020 | Bertha Muñoz | */s/ Bertha Muñoz* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\30000-000\30981\Discovery\Stipulated Protective Order - rev 3-30-20.docx

PROTECTIVE ORDER